Clayton HANDELAND, Respondent,

v.

DeZURIK CORPORATION, et
al., Relators,

Equitable Life Assurance Company,
Respondent.

No. 51413.

Supreme Court of Minnesota.

Oct. 24, 1980.

Fitch & Johnson, Minneapolis, for relators.

Burns, Burns, Rawlings & Burns, St. Cloud, for Handeland.

Briggs & Morgan, St. Paul, for Equitable Life.

AMDAHL, Justice.

Relators, the employer and insurer, seek review of a decision of the Workers' Compensation Court of Appeals. They contend that the court acted improperly by deciding the extent of permanent partial disability sustained by the employee to his spine. They further argue that the evidence does not support the following findings: that the employee sustained injury to his spine on January 19, 1977, arising out of and in the course of his employment; that, as a result, he sustained a 10% permanent partial disability; that the thrombophlebitis, which developed following surgery to repair a hernia aggravated in the same work–related accident, continues to contribute significantly to his temporary total disability. We affirm the award but reverse the finding that the thrombophlebitis continues to contribute to employee's disability.

Our review of the record discloses that evidence was submitted on the issue of permanent partial disability which supports that finding. Although relators initially urged that prior insurers should be made

parties before that issue was determined, they failed to join the parties in the manner required by Minn.Work.Comp.Prac. R. 15. They have not shown that determination of the issue prejudices them. We are also satisfied that the record contains substantial evidentiary support both for the finding that employee sustained a back injury on January 19, 1977, and that he sustained a 10% permanent partial disability to his back as a consequence of that injury.

▄ The only finding which, in our view, must be rejected as manifestly contrary to the evidence is one relating to the present effect of employee's thrombophlebitis. This condition developed after employee had undergone hernia surgery on January 24, 1977, and, except for one medical expert who expressed a contrary opinion, the medical witnesses expressed the opinion that it was causally related to that injury. Relators do not now quarrel with that finding and the determination that the condition is compensable. They object, however, to this further finding:

> That as a substantial result of the employee's thrombophlebitis, which was a consequential result of the first hernia repair of January 24, 1977, the employee has been restricted concerning his ability to perform physical work activity, and thus the work–related thrombophlebitis continued through the date of hearing, and on said date was still continuing to significantly contribute to the employee's disability.

The opinions expressed by the medical experts on the effect of employee's thrombophlebitis do not support this finding. Dr. Robert Wengler, an orthopedic surgeon who examined employee in August 1978, and Dr. Thomas Arnold, an internist who examined employee about the same time, agreed that employee did not have active phlebitis at the time of the examination and that he was not disabled by it. Another orthopedist, Dr. Edward LaFond, examined employee in November 1978, finding no evidence of active phlebitis. Dr. David Van Nostrand, who had treated employee for several years and performed the hernia surgery, said that although employee spoke to

him of having some phlebitis in December 1978, it was his opinion that such phlebitis would not be related to the hernia surgery. Dr. T. H. Luby, the internist who treated employee's phlebitis in April 1977 and has kept the condition under observation since then, said that there was no evidence of phlebitis when he saw employee in January 1979 and that employee is no longer disabled by that condition. Finally, Dr. David Johnson, a neurosurgeon who examined employee in June 1979, said that employee had obvious swelling in his left leg and foot, but that they were not acutely tender and he could walk without pain. Dr. Wengler did say that employee would require continued medical observation for phlebitis; Dr. Luby provides that care.

The only reasonable inference from this evidence is that phlebitis can recur and that employee's condition should be kept under medical observation. The determination that it "was still continuing to significantly contribute to the employee's disability" at the time of the compensation hearing must be rejected as manifestly contrary to the evidence and the inferences permissible therefrom. Since the finding lacks evidentiary support, it is reversed. The decision is in all other respects affirmed.

Employee is allowed attorneys fees of $400.

Affirmed in part; reversed in part.